IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAMON SANCHEZ, | ) | |
|         Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 13-1073 |
| | ) | District Judge Cathy Bissoon |
| LUOIS FOLINO, Superintendent; TRACY | ) | Magistrate Judge Maureen P. Kelly |
| SHAWLEY, Grievance Coordinator; | ) | |
| HAYWOOD; SHRADER; CARTER; LT. | ) | |
| McCUNE; CHAPMAN; P.A. JENNIFER | ) | |
| TRIMAI; TRACY WILLIAMS; JOHN | ) | |
| DOE #1; JOHN DOE #2, | ) | |
|         Defendants. | ) | |

## **REPORT AND RECOMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that the Complaint filed in the above-captioned case, ECF No. 1, be dismissed for failure to prosecute.

**II.    REPORT**

Plaintiff, Ramon Sanchez, an inmate at the State Correctional Institution at Greene, has presented a civil rights complaint against Defendants alleging that he was sexually assaulted on June 21, 2012, subsequently denied medical treatment and retaliated against when he complained in violation of his rights provided by the First and Eighth Amendments to the United States Constitution.

Plaintiff filed a Complaint on May 21, 2013, in the United States District Court for the Middle District of Pennsylvania. ECF No. 1. The case was transferred to this Court on July 24, 2013, ECF No. 14, and on September 11, 2013, this Court issued an Order directing Plaintiff to furnish the Court with copies of the Complaint, Marshal's 285 forms, Notice and Request for Waiver of Service of Summons and Waiver of Service of Summons as to each Defendant named

in Complaint so that service could be made and to do so by September 25, 2013.  ECF No. 16.  Plaintiff was also directed to submit the selection form indicating whether he consents to have a United States Magistrate Judge conduct all proceedings in the case.  Id.  Plaintiff failed to provide the paperwork as ordered and on October 9, 2013, the Court issued an Order to Show Cause on Plaintiff, returnable on October 23, 2013, to show cause why this case should not be dismissed for failure to prosecute.  10/9/13 Text Order.  To date, Plaintiff has failed to respond to the Order to Show Cause or given any other indication that he wishes to proceed with this action.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court.  Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).  In determining whether an action should be dismissed as a sanction against a party the court must consider six factors.  These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

    (1)    The extent of the party's personal responsibility.

    (2)    The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

    (3)    A history of dilatoriness.

    (4)    Whether the conduct of the party or the attorney was willful or in bad faith.

    (5)    The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

    (6)    The meritoriousness of the claim or defense.

Consideration of these factors suggests that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to Plaintiff's failure to comply with this Court's orders so that the case could proceed which weighs heavily against him.  Plaintiff's failure to respond to the Deficiency Order and the Order to Show Cause was not only solely his personal responsibility

but his failure to submit the requisite paperwork even at this juncture appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by Plaintiff's failure to comply with this Court's orders -- there appears to be no specific prejudice to Defendants other than general delay as the Defendants have not yet been served with the Complaint. Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against Plaintiff as it is too early in the litigation to assess the merits of Plaintiff's allegations. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since Plaintiff filed this action without the payment of the required filing fee, it does not appear that monetary sanctions are appropriate. Moreover, Plaintiff's failure to comply with the Court's orders, which has prevented this case from proceeding, indicates that Plaintiff has no serious interest in pursuing this case. It therefore appears that dismissal is the most appropriate action for the Court to take. Mindek v. Rigatti, 964 F.2d at 1374. Accordingly, it is respectfully recommended that the Complaint filed in the above-captioned case be dismissed for failure to prosecute.

In accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(1)(B) & (C), and Local Rule 72D.2, Plaintiff is permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will constitute a waiver of any appellate rights. Siers v. Morrash, 700 F.3d 113, 116 (3d Cir. 1983). See Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Respectfully submitted,

/s/Maureen P. Kelly
United States Magistrate Judge

Dated: November 13, 2013

cc: Ramon Sanchez
FH-7056
SCI Greene
175 Progress Drive
Waynesburg, PA 15370